**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SBS 276, LLC and SBS 384, LLC, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v.  : | CIVIL ACTION NO. |
| : | 1:12-CV-3691-RWS |
| BERRY J. WALKER, JR., : | |
| WALKER & TUDHOPE, P.A., : | |
| RUBI AKOOKA, FIDELITY : | |
| COMMERCIAL CREDIT : | |
| CORPORATION and LENDERS : | |
| CREDIT CORPORATION, : | |
| : | |
| Defendants. : | |

**ORDER**

This case arises out of two real estate transactions involving property located in Georgia.  (See generally Compl., Dkt. [1].)  Plaintiffs SBS 276, LLC and SBS 384, LLC (collectively "Plaintiffs") allege that they entered into an arrangement with Defendant Rubi Akooka ("Akooka"), pursuant to which Akooka identified two properties located in Georgia, which Plaintiffs purchased.  (Id. ¶¶ 17, 18, 22.)  Plaintiffs also allege that attorney Defendant Berry J. Walker, Jr. ("Walker") and Defendant Walker & Tudhope, P.A.

AO 72A
(Rev.8/82)

("Walker & Tudhope") represented them in the property transactions. (Id. ¶¶ 34, 53.)

Plaintiffs allege that Akooka represented to them that the sellers of the properties were third party lenders when the sellers were, in fact, Defendants Fidelity Commercial Credit Corporation and Lenders Credit Corporation, single purpose entities owned by Akooka and created by Walker. (Id. ¶¶ 27-29, 55-56.) Plaintiffs allege that Akooka used Plaintiffs' funds and Akooka's single purpose entities to purchase the properties from third parties and then "flip" them to Plaintiffs at a substantial mark up. (Id. ¶¶ 33, 56.) Finally, Plaintiffs allege that Walker and Walker & Tudhope failed to disclose that they were acting on both sides of the transactions as they represented both Plaintiffs and the single purpose entities Walker created for Akooka. (Id. ¶¶ 34, 58.) Based on the foregoing allegations, Plaintiffs filed this suit, raising claims for breach of fiduciary duty, fraud, and professional malpractice.[1] (See generally Compl., Dkt. [1].)

---

[1] Plaintiffs also raise claims for conspiracy or aiding and abetting breach of fiduciary duty and conspiracy to defraud or aiding and abetting the commission of fraud. (Compl., Dkt. [1] ¶¶ 76-79, 90-93.)

2

Akooka has moved to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and for failure to plead fraud with the particularity required by Rule 9(b). (Akooka's Mot. to Dismiss, Dkt. [6] at 1 of 3.) Walker and Walker & Tudhope also have moved to dismiss on grounds of Rule 12(b)(6) and Rule 9(b), as well as for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and improper venue pursuant to Rule 12(b)(3). (Walker and Walker & Tudhope's Mot. to Dismiss, Dkt. [12] at 1 of 5.) As an alternative to dismissal, Walker and Walker & Tudhope move the Court to transfer the case to the Middle District of Florida under 28 U.S.C. § 1404(a) and the doctrine of forum non conveniens. (Walker and Walker & Tudhope's Br. in Supp. of Mot. to Dismiss, Dkt. [12-1] at 18-22.) Plaintiffs oppose both Akooka's and Walker and Walker & Tudhope's motions.[2] (See generally Pls.' Br. in Opp. of Walker and Walker & Tudhope's Mot. to Dismiss, Dkt. [23]; Pls.' Br. in Opp. of Akooka's Mot. to Dismiss, Dkt. [24].)

---

[2] To the extent the Court is inclined to grant Defendants' motions to dismiss, Plaintiffs request that the Court transfer the case to the Middle District of Florida as an alternative to dismissal. (Pls.' Br. in Opp. of Walker and Walker & Tudhope's Mot. to Dismiss, Dkt. [23] at 21 of 27.)

3

The Court has doubt as to whether venue is proper in the Northern District of Georgia.  See 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.")  The Court notes in this regard that Plaintiffs are both Florida limited liability companies, whose members are citizens of a foreign state.  (Compl., Dkt. [1] ¶¶ 1-2.)  Walker and Akooka are both citizens of Florida and maintain addresses in Florida.  (Id. ¶¶ 3-4, 7-8.)  Walker & Tudhope is a Florida professional association with its principal place of business in Florida, and Defendants Fidelity Commercial Credit Corporation and Lenders Credit Corporation are Florida corporations with principal places of business in Florida.  (Id. ¶¶ 5, 9, 11.)

Moreover, Plaintiffs claims for breach of fiduciary duty, fraud, and professional malpractice appear to arise out of the business relationships formed between the parties in Florida and conduct undertaken in Florida, not Georgia.  (See generally Compl., Dkt. [1].)  In particular, Plaintiffs' claims are based on allegations that Akooka, Walker, and Walker & Tudhope misrepresented material facts to Plaintiffs and/or breached various duties owed to Plaintiffs.

4

Although Plaintiffs allege that certain activities took place in Georgia in connection with the real estate transactions (e.g., obtaining due diligence reports) (Pls.' Br. in Opp. of Walker and Walker & Tudhope's Mot. to Dismiss, Dkt. [23] at 19 of 27), these activities are not the activities giving rise to Plaintiff's claims. Nor is the true subject of Plaintiffs' Complaint the property located in Georgia.

Even if venue is proper in the Northern District of Georgia, notwithstanding the foregoing, it appears that the Middle District of Florida may be the more appropriate venue. Thus, the Court is inclined to grant Walker and Walker & Tudhope's motion to transfer the case to the Middle District of Florida under 28 U.S.C. § 1404(a) and the doctrine of forum non conveniens. Because Defendants Akooka, Commercial Credit Corporation, and Lenders Credit Corporation have not been heard on this issue, those parties are **ORDERED TO SHOW CAUSE** within fourteen days from the date of entry of this Order why the Court should not transfer the case to the Middle District of Florida.

5

**SO ORDERED**, this  28th  day of June, 2013.

                                     _____
                                     **RICHARD W. STORY**
                                     United States District Judge

AO 72A
(Rev.8/82)