**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SBS 276, LLC and SBS 384, LLC, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v.   : | CIVIL ACTION NO. |
| : | 1:12-CV-3691-RWS |
| BERRY J. WALKER, JR., : | |
| WALKER & TUDHOPE, P.A., : | |
| RUBI AKOOKA, FIDELITY : | |
| COMMERCIAL CREDIT : | |
| CORPORATION and LENDERS : | |
| CREDIT CORPORATION, : | |
| : | |
| Defendants. : | |

## **ORDER**

This case comes before the Court on Defendant Rubi Akooka's ("Akooka") [6] and Defendant Berry J. Walker, Jr. ("Walker") and Walker & Tudhope, P.A.'s ("Walker & Tudhope") [12] Motions to Dismiss. After reviewing the record, the Court enters the following order.

## **Background**

This case arises out of the business relationships surrounding two real estate transactions involving property located in Georgia. (See generally Compl., Dkt. [1].) Plaintiffs SBS 276, LLC and SBS 384, LLC (collectively

"Plaintiffs") are Florida limited liability companies whose members are "citizens of a foreign state." (Id. ¶¶ 1-2.) In their Complaint, Plaintiffs allege that they entered into an arrangement with Akooka, pursuant to which Akooka identified two properties located in Georgia which Plaintiffs then purchased. (Id. ¶¶ 17, 18, 22.) Plaintiffs also allege that their attorney, Walker, and his law firm, Walker & Tudhope, represented them in the property transactions. (Id. ¶¶ 34, 53.)

Plaintiffs further allege that Akooka represented to them that the sellers of the properties were third party lenders when the sellers were, in fact, Defendants Fidelity Commercial Credit Corporation and Lenders Credit Corporation, single purpose entities owned by Akooka and created by Walker. (Id. ¶¶ 27-29, 55-56.) Plaintiffs allege that Akooka used Plaintiffs' funds and Akooka's single purpose entities to purchase the properties from third parties and then "flip" them to Plaintiffs at a substantial mark up. (Id. ¶¶ 33, 56.) Finally, Plaintiffs allege that Walker and Walker & Tudhope failed to disclose that they were acting on both sides of the transactions as they represented both Plaintiffs and the single purpose entities Walker created for Akooka. (Id. ¶¶ 34, 58.)

2

AO 72A
(Rev.8/82)

Akooka has moved to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and for failure to plead fraud with the particularity required by Rule 9(b). (Akooka's Mot. to Dismiss, Dkt. [6] at 1 of 3.) Walker and Walker & Tudhope also have moved to dismiss on grounds of Rule 12(b)(6) and Rule 9(b), as well as for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and improper venue pursuant to Rule 12(b)(3). (Walker and Walker & Tudhope's Mot. to Dismiss, Dkt. [12] at 1 of 5.) As an alternative to dismissal, Walker and Walker & Tudhope move the Court to transfer the case to the Middle District of Florida under 28 U.S.C. § 1404(a) and the doctrine of forum non conveniens. (Walker and Walker & Tudhope's Br. in Supp. of Mot. to Dismiss, Dkt. [12-1] at 18-22.)

Being inclined to grant the motion to transfer, the Court entered an order dated June 28, 2013, directing Defendants Akooka, Commercial Credit Corporation, and Lenders Credit Corporation to show cause why the Court should not transfer the case. In his response to the order to show cause, Akooka argues that the Court cannot transfer the case because there is not complete diversity among the parties and thus the Court lacks subject matter jurisdiction

3

over the case.  Akooka attached to his response a declaration stating that he became a citizen of the United States on March 15, 2013, and is now a dual citizen, but at the time of the filing of the Complaint on October 23, 2012, he was exclusively a citizen of Israel.  Based on the foregoing, the Court evaluates whether it has subject matter jurisdiction over this case.

## Discussion

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  "The objection that a federal court lacks subject matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . ."  Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Federal Rule of Civil Procedure 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

In this case, subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2).  (Compl., Dkt. [1] ¶ 13; see also

4

Pls.' Br. in Opp. to Walker and Walker & Tudhope's Mot. to Dismiss, Dkt. [23] at 16-17 of 27.)  Under 28 U.S.C. § 1332(a)(2), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state."  Moreover, whether diversity of citizenship jurisdiction exists is determined by examining the citizenship of the parties at the time the action is brought.  See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought.").

As stated in the Background section, supra, Plaintiffs are limited liability companies.  For the purposes of diversity of citizenship, "[a] limited liability company is a citizen of any state of which a member of the company is a citizen."  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  Plaintiffs allege that their members are citizens of a foreign state and that they are not citizens of the United States.  (Compl., Dkt. [1] ¶¶ 1-2, 24 of 35.)  Thus, for the purposes of diversity of citizenship, Plaintiffs are citizens of a foreign state.

5

While Akooka is now a dual citizen of the United States and Israel, his declaration states that he was not a United States citizen at the time of the filing of the Complaint. (Akooka's Showing of Cause Relative to Transfer, Ex. 1 ("Declaration of Rubi Akooka"), Dkt. [37-1] at 3 of 3.) Because the existence of diversity of citizenship is determined at the time the complaint is filed, and Akooka was exclusively a citizen of Israel when Plaintiffs filed their Complaint on October 23, 2012, Akooka is considered a citizen of a foreign nation for the purposes of diversity of citizenship in this case.

For the purposes of diversity, both Plaintiffs and Akooka are exclusively citizens of a foreign nation. Thus, there is a lack of diversity of citizenship under 28 U.S.C. § 1332(a). As a result, the Court agrees with Akooka that there is not complete diversity among the parties and thus the Court lacks subject matter jurisdiction over this case.

## Conclusion

In accordance with the foregoing, Akooka's [6] and Walker and Walker & Tudhope's [12] Motions to Dismiss are **GRANTED**. This case is **DISMISSED** for lack of subject matter jurisdiction, and the Clerk is directed to close the case.

AO 72A
(Rev.8/82)

**SO ORDERED**, this  17th  day of July, 2013.


_____
**RICHARD W. STORY**
United States District Judge